FILED
MAY 2 6 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Flordelisa I. Trevino, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 11 0976 |
| ) | |
| Texas Vital Statistics, DSHS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of the petition, brought *pro se*, and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Petitioner, a resident of Olongapo City, Philippines, has filed a "Petition to Amend Certificate of Death as Likewise Motion to Have a Copy of Modified True-Certified Copy of the Death Certificate." She seeks to compel such relief from a Texas agency. The federal courts may compel federal officials to act under certain circumstances. *See* 28 U.S.C. § 1361. Such

authority does not extend to state officials or agencies. Petitioner's recourse lies, if at all, in the Texas state court system. Because the petition presents neither a federal question nor a basis for diversity jurisdiction, the case will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: May 17, 2011